# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH UBBEN, Individually and as Natural mother and Next Friend of HUNTER HUGHES, a Minor,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SAUDER WOODWORKING CO.,<br><br>　　　　Defendants. | No. C05-3043-PAZ<br><br>**ORDER** |
| SAUDER WOODWORKING CO.,<br><br>　　　　Third-Party Plaintiff,<br><br>vs.<br><br>JAMIE UBBEN,<br><br>　　　　Third-Party Defendant. | |

_____

Third-Party Defendant Jamie Ubben ("Ubben") has filed a motion to dismiss (Doc. No. 35), claiming his addition as a party to this action has destroyed the court's diversity jurisdiction. The plaintiffs are citizens of Iowa. The Defendant and Third-Party Plaintiff Sauder Woodworking Co. ("Sauder") is a citizen of Ohio. The amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, as this case was filed originally, this court had diversity jurisdiction pursuant to title 28 United States Code, section 1332. (This was true even prior to dismissal of the former defendant Pamida, Inc., which was a citizen of Nebraska.)

Sauder sought leave of court to assert a third-party claim against Ubben, who, like the plaintiffs, is a citizen of Iowa. Ubben claims that because he and the plaintiffs share

common citizenship, the court's diversity jurisdiction is destroyed. Ubben further claims the court lacks any supplemental jurisdiction over him.

Sauder resists Ubben's motion (Doc. No. 36), arguing the court has supplemental jurisdiction over its claims against Ubben. Sauder asserts its claims are part of the same case or controversy as the plaintiffs' claims against Sauder. Sauder further argues its claims against Ubben do not fall within the exception to supplemental jurisdiction set forth in title 28 United States Code, section 1367(b), which provides as follows:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [i.e., diversity jurisdiction], the district courts shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14 [permitting third-party claims] . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). Sauder argues the jurisdictional exception applies only to "claims by *plaintiffs* against persons made parties under Rule 14," noting one court has found this limitation to be focused on a plaintiff's efforts "'to smuggle in claims that the plaintiff would not otherwise be able to interpose against certain parties in certain specific contexts for want of subject matter jurisdiction.'" Doc. No. 36, p. 3 (quoting *Timbrook v. Metzeler Auto. Profile Systems Iowa, Inc.*, 209 F.R.D. 154, 156 (S.D. Iowa 2002)).

The final clause of section 1367(b) makes the diversity statute, section 1332, decisive for purposes of determining whether the exclusion to supplemental jurisdiction applies in a particular case. *Mattel, Inc. v. Bryant*, ___ F.3d ___, 2006 WL 1149186 at *2 (9th Cir. Mar. 2, 2006). If "the jurisdictional requirements of section 1332" are not offended, then the exclusion does not apply. *Id.*; 28 U.S.C. § 1367(b). In *Mattel, Inc.*, the Ninth Circuit Court of Appeals determined that a nondiverse defendant intervenor who was not an indispensable party did not destroy diversity jurisdiction, noting that this is a "long-established judge-made rule." *Id.* The United States Supreme Court has explained

2

that jurisdiction is determined at the time an action is commenced, and jurisdiction is not defeated by later events, including "'the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties.'" *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 859-60, 112 L. Ed. 2d 951 (1991) (quoting *Wichita R. & Light Co. v. Public Utilities Comm'n*, 260 U.S. 48, 54, 43 S. Ct. 51, 53, 67 L. Ed. 124 (1922)). *See Aurora Loan Services, Inc. v. Craddieth*, 442 F.3d 1018, 1025-26 (7th Cir. 2006).

In considering whether assertion of a counterclaim or third-party claim converts a defendant into the "plaintiff" referred to in section 1367(b), the Fifth Circuit Court of Appeals has held "that 'plaintiff' in § 1367(b) refers to the original plaintiff in the action – not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff." *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004). The *Yates* court cited with approval the following circuits that have reached the same conclusion:

> *See, e.g., Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 573 (6th Cir. 2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs – but not defendants or third parties – from circumventing the requirements of diversity."); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir. 2000) ("Significantly, § 1367(b) reflects Congress'[s] intent to prevent original plaintiffs – but not defendants or third parties – from circumventing the requirements of diversity."); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir. 1998) ("Thus, the limitation of § 1367(b) applies only to *plaintiffs'* efforts to join nondiverse parties." (emphasis in original)); *Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1996) ("The plain language of § 1367(b) limits supplemental jurisdiction over claims of *plaintiffs* against persons made parties under Rule 14, . . . and of parties who join or intervene *as plaintiffs* pursuant to Rule

> 19 or 24. The section has little to say about defendants."
> (emphasis in original).

*Id.*, n.16.

It does not appear that the Eighth Circuit Court of Appeals has addressed the question of whether assertion of a third-party claim against a nondiverse third-party defendant who is not an indispensable party would destroy diversity jurisdiction. However, this court is persuaded by the reasoning of the numerous other circuit courts of appeal that have held section 1367(b) is designed to prevent *plaintiffs* from asserting claims they otherwise would not be able to bring for want of subject matter jurisdiction. *See Timbrook*, *supra*; *Yates*, *supra*, and cases cited therein.

Jamie Ubben is not an indispensable party to the original controversy between the plaintiffs and Sauder, and Sauder did not so allege in its motion for leave to add Ubben as a party. *See* Doc. No. 28. Accordingly, the court finds the addition of Ubben as a third-party defendant does not destroy diversity jurisdiction, and Ubben's motion to dismiss is **denied**.

**IT IS SO ORDERED.**

**DATED** this 10th day of May, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT